UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MG STAR LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>AMGUARD INSURANCE COMPANY, a Pennsylvania corporation; and DOES 1 to 25, inclusive<br><br>        Defendants. | Case No. 1:23-cv-00560-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF BE DENIED AND THAT PLAINTIFF'S MOTION TO REMAND BE GRANTED<br><br>(ECF Nos. 6, 11).<br><br>OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS |

Before the Court is Defendant AmGuard Insurance Company's motion to have Defendant's notice of removal deemed timely (ECF No. 6) and Plaintiff MG Star LLC's motion to remand (ECF No. 11). The motions were referred to the undersigned for the issuance of findings and recommendations. (ECF No. 12). For the following reasons, the Court recommends that Defendant's motion be denied, and that Plaintiff's motion to remand be granted.

**I.    BACKGROUND**

Plaintiff commenced this action in Fresno County Superior Court on February 23, 2023. Plaintiff's complaint alleges state law contract claims against Defendant and seeks declaratory relief and damages. (ECF No. 1, pp. 10-27). Plaintiff served Defendants with the summons and

1

complaint on March 1, 2023. (*Id.*, p. 81). Defendant filed an answer to Plaintiff's complaint in Fresno County Superior Court on March 28, 2023. (*Id.*, pp. 84-90).

On April 10, 2023, Defendant filed a notice of removal on the basis of diversity jurisdiction. (ECF No. 1., pp. 6-8). On April 14, 2023, Defendant filed the pending motion to have Defendant's notice of removal deemed as filed on March 29, 2023 (ECF No. 6) and supporting declarations (ECF Nos. 8 & 7). On April 25, 2023, Plaintiff filed both an opposition to Defendant's motion (ECF No. 10)[1] and a motion to remand based on Defendant's untimely removal (ECF No. 11). Defendant filed a reply to Plaintiff's opposition (ECF No. 13)[2] and an opposition to the motion to remand (ECF No. 17). On May 11, 2023, Plaintiff filed a reply regarding the motion to remand. (ECF No. 18).

## II.     DISCUSSION

The federal removal statute provides in relevant part that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading...." 28 U.S.C. § 1446(b). Section 1446 is strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction."). The thirty-day time limit to file a notice of removal is "mandatory and a timely objection to a late petition will defeat removal." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 n.4 (9th Cir. 2013) (internal

---

[1] Plaintiff's opposition also includes a request for judicial notice of three filings that have been docketed in this case. (ECF No. 10-2, pp. 1-2). Specifically, Plaintiff asks the Court to judicially notice (1) Defendant's Notice of Removal (ECF No. 1); (2) Defendant's Motion to Have Removal Deemed Filed as of March 29, 2023 (ECF No. 6); and (3) Plaintiff's Demand for Jury Trial (ECF No. 9). (*Id.*) "The court must take judicial notice [of an adjudicative fact not subject to reasonable dispute] if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). "[A] court may take judicial notice of its own records and the records and the records and proceedings of other courts." *Samson Tug & Barge, Co., Inc. v. Int'l Longshore & Warehouse Union*, No. 3:20-cv-00108-TMB, 2021 WL 1081139, at * 2 (D. Alaska Feb. 21, 2021) (citing *U.S. v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980)). Accordingly, the Court takes judicial notice of the *fact* of these filings.

[2] Defendant also filed a request for judicial notice of the "Notice of Removal of Action to Federal Court," which Defendant filed in state court, as well as the docket from the state court action. (ECF No. 15, pp. 1-2). These records were attached as exhibits to Defendant's supporting declarations. (*Id.* (citing ECF No. 7-4 [Exhibit 4 of the Declaration of Jessica L. Perry]; ECF No. 14-1 [Exhibit 5 of the Supplemental Declaration of Linda B. Oliver])). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Documents that are part of the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another court case. Accordingly, the Court grants Defendant's request for judicial notice of the state court documents.

citation omitted) (thirty-day removal deadline set forth by 28 U.S.C. § 1446(b) "is mandatory such that a timely objection to a late petition will defeat removal"); *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007) ("If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate.").

Here, service of the summons and complaint was completed on March 1, 2023. Accordingly, Defendant's notice of removal was required to be filed by March 31, 2023. As the notice of removal was filed on April 10, 2023, Plaintiff argues this case must be remanded. (ECF No. 11-1).

Defendant argues that its untimely filing of the notice of removal was due to "an inadvertent error or PACER computer problem." (ECF No. 6, p. 3). Defendant argues that good cause exists to grant Defendant's request under the following circumstances:

> On March 29, 2023, Ms. Perry served the Notice of Removal on Plaintiff's attorney Patrick Toole by email. Perry Decl., ¶ 3 and Exhs. 1 and 2. Also on March 29, 2023, Ms. Perry signed into the CM/ECF website of this Court using the PACER username and password for one of the attorneys representing defendant, Linda B. Oliver. Perry Decl., ¶ 4. She uploaded the removal documents and exhibits that day without receiving an error message. *Id.* After uploading the documents and submitting the credit card information to pay the filing fee, Ms. Perry hit the "next" button to complete the submission. *Id.* She did not receive an error message or any notification that the documents had not been received or that anything was not properly filed. *Id.* She did receive an email confirming that the filing fee had been paid. *Id.*, Exh. 3. Defendant's attorney Linda Oliver, whose filing login was used for the filing, also received no notification that there was any issue with the filing. Oliver Decl., ¶ 2.

> On April 6, 2023, Ms. Oliver reviewed the case on the Courtlink database available through Lexis, and obtained the temporary case number, 1:23-AT-276. Oliver Decl., ¶ 2. Ms. Oliver then called the court, and the court clerk who answered the telephone told her the same day that the removal papers had not been received on March 29, 2023, but that the filing fee had been paid. *Id.* The clerk stated that a clerk had left a telephone message at the telephone number listed on the caption at the time informing at defendant that the documents in support of the removal filed on March 29, 2023 were not received by the court, but that the filing fee had been paid. *Id.*

> The telephone number listed in the caption on the removal papers, Wilson Elser's San Francisco office's main number, 415-433-0990, does not receive or accept messages, but prompts the caller to leave a message with a specific person or to enter an extension number. Oliver Decl., ¶ 3. Ms. Oliver did not receive any messages through the firm's general number, or at her personal telephone line with the firm, 415-625-9307, or her personal mobile phone number where calls to the office line are automatically forwarded, 510-219-7750. *Id.* John Podesta, the only

>other attorney on the case, also did not receive a message from the court regarding the filing, nor did he receive any word from the receptionist that a call had been placed to him from the court. *Id.* Ms. Perry also did not receive a message. Perry Decl., ¶ 6. If any such message had been received, Defendant would have promptly refiled the notice of removal, because it had several days to complete the filing. The removal was filed two days before the deadline, based upon a service date of March 1, 2023. Defendant subsequently refiled the notice of removal.

(ECF No. 6, pp. 3-4).

Federal courts have discretion to modify scheduling orders, including extending filing deadlines or deadlines to amend, based on a showing of "good cause." *See* Federal Rule of Civil Procedure 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Similarly, some procedural rules excuse neglectful parties from their failure to comply with a filing deadline based on the factors set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). *See Jones v. Walmart, Inc.*, No. 1:20-cv-00729-DAD-BAM, 2020 WL 8614081, at *1 (E.D. Cal. Sept. 8, 2020) (collecting cases).

The federal removal statute, in contrast, does not include any provision that deadlines may be extended based on "good cause" or "excusable neglect." *See* 28 U.S.C. § 1446(b). Indeed, "courts in the Ninth Circuit uniformly hold that the 30-day time limit prescribed by 28 U.S.C. §1446(b) is mandatory, unless [the] [p]laintiff waives the defect or is estopped from asserting it." *88 Int'l Inc. v. Hartford Ca. Ins. Co.*, No. cv-12-099442-DMG-SHx, 2014 WL 12607693, at *2 (C.D. Cal. Mar. 17, 2014) (internal quotation marks and citations omitted); *see also Gurrola v. Howard*, 2:22-cv-01825-SB-JEM, 2022 WL 1617991, at *2 (C.D. Cal. May 21, 2022) ("[G]iven the strict interpretation of the 30-day requirement, courts have declined to excuse untimely removal [on the basis of excusable neglect] when based on counsel's 'inadvertent error.'") (internal citations omitted).

Defendant contends the circumstances surrounding Defendant's attempt to timely file the notice of removal distinguishes this case from numerous other cases where district courts granted remand based on untimely removal. Namely, Defendant notes that Defendant's counsel never received notification from the Clerk's Office that the notice of removal was not successfully filed.

Under the Eastern District Local Rules, the responsibility to ensure that a document is correctly filed is placed on the filing party. Initial case documents, including removal, "shall be

performed electronically" by attorneys in accordance with the local rules. *See* Local Rule 121(d). "[A] document filed electronically shall not be considered filed for purposes of these Rules or the Federal Rules of Civil or Criminal Procedure until the filing counsel receives a system-generated "Notice of Electronic Filing." Local Rule 134(a).  Moreover, "[p]roblems on the filer's end, such as phone line problems, problems with the filer's Internet Service Provider (ISP), or hardware or software problems, will not constitute a technical failure under these procedures nor excuse an untimely filing." Local Rule 134(c)(3).

Regardless of whether Defendant received the notice from the Court regarding the unsuccessful attempt to upload the notice of removal, the Court finds that Defendant failed to ensure that the notice was filed correctly. Defendant argues that this case is distinguishable from *Morrow v. Union Pacific Railroad Company*, No. 2:21-cv-04892-VAP-KSx, 2021 WL 4033777 (C.D. Cal. Aug. 3, 2021), because defendants failed to timely file even after the clerk's office entered a notice indicating that the document failed to upload. 2021 WL 403377, at *1. Similar to this case, it "appeared" to the defense counsel in *Morrow* that the notice of removal had been successfully filed at the time the document was submitted to the court. *Id.* However, whether the defendant received notice from the clerk's office was irrelevant to the question of timeliness. The district court noted:

> To the extent Defendant is arguing. . . that its failure to file is not attributable to its own actions or omissions but rather the Court's, the Court is not persuaded. The paralegal's declaration that it "appeared to [her]" that the filing was complete is not a sufficient showing that a Court error, *e.g.* a malfunction with the ECF filing system, rather than Defendant's failure to see the filing through to completion, caused the untimely filing of the Notice. *See Gallardo v. First Horizon Home Loans*, No. CV-20-00889-PHX-MTLx, 2020 WL 3414711, at *2 (D. Ariz. June 22, 2020) (rejecting defendant's argument that technical error prevented timely filing of petition for removal where the court could not conclude that defendant completed all the steps necessary for electronic filing); *Hutchinson v. Marquee Fiduciary Advisors, LLC*, No. CV-13-01037-PHX-GMSx, 2013 WL 3895023, at *2 (D. Ariz. July 29, 2013) (declining to find notice of removal constructively filed on date of attempted filing where defendant did not provide facts sufficient for a determination that "it had followed all necessary procedures and actually submitted the Notice of Removal, only to be thwarted by a fault in the Court's electronic filing system"); *Stone St. Cap., Inc. v. McDonald's Corp.*, 300 F. Supp. 2d 345, 349 (D. Md. 2003) (rejecting argument that notice of removal was constructively filed within the statutory period where "other than counsel's declaration, there is no evidence of the attempted filing in a form verifiable by the court or opposing counsel").

*Morrow*, 2021 WL 403377, at *2. Here, there is no evidence that the notice of removal failed to upload on March 29, 2023, due to a malfunction with the Court's electronic filing system. Moreover, pursuant to the Local Rules, Defendant should not have assumed the filing was complete until they received a "Notice of Electronic Filing," which it never did.

Defendant also contends that the fact Defendant filed a "Notice of Removal to Federal Court" with the state court and served Plaintiff with a copy of the Notice of Removal on March 29, 2023, indicates that it complied with the removal statute. In support of this proposition, Defendant cites to *Francis v. Dechamplain*, No. 23-CV-00271 (PMH), 2023 WL 1814977 (S.D.N.Y. Feb. 8, 2023), in which the district court noted (in a footnote) that it had "undert[aken] an independent review of the State Court filing system to determine whether, perhaps, [d]efendants filed a correct version of the notice of removal within the thirty-day period on that docket," *id.*, at *2 n.1. Although the Court has taken judicial notice of the fact that Defendant filed a notice of removal in state court, *see supra* p. 2 n.2, the Court is not persuaded that it should give significant weight to this fact. The removal statute is strictly construed, and the relevant caselaw does not indicate that "substantive compliance" with the statute, i.e., providing notice to adverse parties and the state court as required by §1446(d), excuses an otherwise untimely notice filed with the district court.

Indeed, Defendant only cites to a single case where a plaintiff's motion to remand was denied even though removal was untimely. *See Total Energy Corp. v. Stolt*, 334 F.Supp.2d 413 (S.D.N.Y. 2004). In *Total Energy*, it was not disputed that the defendants attempted to file, by overnight mail, the notice of removal within the statutory period. *Id.* at 414. However, five days after the removal deadline, the clerk's office returned, by mail, the notice of removal to defendants because defendants failed to include the correct civil cover sheet. *Id.* at 413-4. Thus, "[t]he sole reason for the delay in the filing of the Notice of Removal was a minor clerical error." *Id.* at 414. The district court in *Total Energy* found that "while district courts lack the authority to enlarge statutory filing limits, they do have the discretion to excuse non-compliance with the Local Rules, which are not statutes, in the interest of justice." *Id.* (citing *Wight v. BankAmerica Corp.*, 219 F.3d 79, 85 (2d Cir. 2000)). Based on that discretion, the district court excused defendants' failure to initially include the correct civil cover sheet as required by the local rules.

Here, unlike the minor clerical error in *Total Energy*, Defendant's notice of removal was untimely because it was not filed with the Court at all until Defendant correctly uploaded the notice on April 10, 2023. *See Morrow*, 2021 WL 4033777, at * 1 ("The [*Total Energy*] court deemed the notice timely filed as the issue was non-compliance with the Local Rules, which the court had the authority to excuse, and not the absence of the notice itself, as here.").

Accordingly, because the removal statute and relevant case law are clear that the thirty-day time limit for the filing of a notice of removal is mandatory, the Court will also recommend that Plaintiff's motion to remand be granted.

## V.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS RECOMMENDED that:

1. Defendant's motion to deem the notice of removal as timely (ECF No. 6) be DENIED, and that Plaintiff's motion to remand (ECF No. 11) be GRANTED.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within twenty-one (21) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 11, 2023**                              /s/ Erica P. Grosjean
                                                        UNITED STATES MAGISTRATE JUDGE